**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDY RICH, as personal representative of RYAN RICH, deceased, and NICK JENSEN and TANYA JENSEN as guardians for R.J., a minor,<br><br>     Plaintiffs,<br><br>vs.<br><br>TASER INTERNATIONAL, INC., and DOES 1 to 10, inclusive,<br><br>     Defendants. | 2:09-cv-02450-ECR-RJJ<br><br>**Order** |

This case arises out of allegations that an Electronic Control Device produced by Defendant TASER International, Inc. ("TASER") caused the death of Dr. Ryan Rich. Now pending before the Court is Defendant TASER's Motion for Sanctions (#111). The motion is ripe and we now rule on it.

### I. Factual Background

On January 4, 2008, decedent Dr. Ryan Rich ("Dr. Rich"), who had a history of seizure disorders, was driving on Interstate-15 in Las Vegas, Nevada when he had a seizure which resulted in several minor traffic collisions, witnessed by Nevada Highway Patrol Officer Loren Lazoff ("Officer Lazoff"). (Compl. ¶¶ 11-13.) After the accident,

Officer Lazoff approached the vehicle and a struggle ensued, as Dr. Lazoff was in a dazed post-seizure state. (Id. ¶¶ 13-15.)  When Dr. Rich eluded Officer Lazoff's grasp and began heading toward oncoming traffic, Officer Lazoff found it necessary to discharge his TASER Model X26 Electronic Control Device (the "ECD") three times into Dr. Rich's chest from a distance of about three to four feet, and then two additional times to Dr. Rich's right thigh before he was able to handcuff Dr. Rich with the help of a passerby. (Id. ¶¶ 16-18.)  When Officer Lazoff returned to his patrol vehicle to call an ambulance, the passerby informed him the Dr. Rich was turning blue. (Id. ¶ 20.) Paramedics transported Dr. Rich to Spring Valley Hospital where he was pronounced dead. (Id. ¶ 21.)

## II. Procedural Background

Plaintiffs filed the Complaint (#1) on December 30, 2009, alleging the following five causes of action: (1) Negligence; (2) Strict Product Liability; (3) Intentional Misrepresentation; (4) Fraudulent Concealment and Deceit; and (5) Negligent Misrepresentation.  TASER filed its answer (#13) on April 26, 2010.

On July 2, 2011, TASER filed three Motions in Limine (## 50, 51, 52), seeking to exclude the testimony of Dr. Jerome Engel, Dr. Michael Wogalter, and Dr. Douglas Zipes, respectively, and a Motion for Summary Judgment (#53).

On January 25, 2012, TASER filed a Motion for Sanctions (#111) pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 for failure to voluntarily dismiss the case.  Plaintiffs filed their

2

Response (#114), which also requests Rule 11 sanctions against TASER, on February 13, 2012. TASER replied (#116) on February 23, 2012.

On March 30, 2012, we issued an Order (#119) granting TASER's Motions in Limine (## 50, 51) to exclude the testimony of Drs. Jerome Engel and Michael Wogalter, respectively, and denying TASER's Motion in Limine (#52) to exclude the testimony of Dr. Douglas Zipes. Further, we granted TASER's Motion for Summary Judgment (#53) with regard to Plaintiffs' third, fourth, and fifth causes of action, and denied the motion as to Plaintiffs' first and second causes of action for negligence and strict product liability. We further granted TASER's Motion to Strike (#109) and struck Dr. Zipes' supplemental report (#108-1) from the record.

### III. Legal Standard

**A. Rule 11 Sanctions**

Federal Rule of Civil Procedure 11(b) provides that by presenting or submitting any filing to the court,

> an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed afer an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

For violations of Rule 11(b), Rule 11(c) further provides that "[a] motion for sanctions must be made separately from any other motion and

must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). Rule 11(c)(2) further authorizes the court to award the prevailing party reasonable expenses, including attorney's fees, incurred for the motion. Id. Rule 11 imposes an objective test. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).

Under this objective standard, "improper purpose" as set forth in 11(b)(1) may be deduced where there is no legal or factual basis for a claim. See Huettig & Schromm, Inc. v. Landscape Contractors, 790 F.2d 1421, 1427 (9th Cir. 1986). For purposes of Rule 11(b)(2), a cause of action is not warranted by law where no "plausible, good faith argument can be made by a competent attorney" in support of the proposition asserted. Zaldivar, 780 F.2d at 829. Finally, under Rule 11(b)(3), a cause of action is grounded in fact if an independent examination reveals "some credible evidence" in support of a party's statements. Himaka v. Buddhist Churches of Am, 917 F.Supp. 698, 710 (N.D.Cal. 1995) (quoting Kendrick v. Zanides, 609 F.Supp. 1162, 1172 (N.D.Cal. 1985)). The terms of Rule 11 are mandatory: where the certification required by Rule 11 has been violated, sanctions must be imposed. Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536, 1540 (9th Cir. 1986). The type and amount of sanction, however, remain within the discretion of the Court. Id. Rule 11 does not inhibit the Court from imposing sanctions, awarding expenses, or directing remedial action authorized under other rules or under 28 U.S.C. § 1927. See Chambers v. NASCO, 501 U.S. 32, 48-49 (1991).

4

**B. Section 1927 Sanctions**

Title 28 U.S.C. § 1927 provides that an attorney in federal court "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This section is "concerned only with limited the abuse of court processes" and is "indifferent to the equities of a dispute and to the values advanced by the substantive law." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980). Under prevailing Ninth Circuit law, a court must find that an attorney acted "recklessly or in bad faith" before imposing costs and fees under § 1927. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 638 (9th Cir. 1987). Frivolity does not of itself establish bad faith. Id. Finally, "[n]otice and a hearing should precede imposition of a sanction under § 1927." Id.

### IV. Discussion

**A. Defendant TASER's Motion for Sanctions (#111)**

Defendant TASER argues that Plaintiffs have failed to produce evidence that establishes that TASER failed to provide adequate warnings or that the TASER X26 ECD caused Dr. Rich's death and should therefore be sanctioned for failing to dismiss the case voluntarily. TASER's arguments are completely without merit and simply restate the arguments made in TASER's motion for summary judgment (#53). In our March 30, 2012 order (#119) denying TASER's motion for summary judgment with regard to Plaintiffs' negligence and strict liability

5

claims, we found that Plaintiffs produced evidence sufficient to establish a genuine issue of material fact as to whether the TASER's X26 ECD device caused Dr. Rich's cardiac arrest and whether TASER's failure to warn users against the danger of deploying the device at a target's chest area caused Dr. Rich's death.  In that order (#119), we specifically relied upon Officer Lazoff's testimony that he was instructed to fire the ECD at the chest area and that he was not made aware of any known cardiac risks associated with the used of the ECD. (See Order (#119) at 18.)  We also relied upon the testimony of Plaintiffs' expert witness, Dr. Douglas Zipes, as evidence that repeated discharges of an ECD into a target's chest can cause ventricular fibrillation and asystole.  (Id. at 20.)  For these reasons, TASER's request for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 based upon Plaintiffs' failure to voluntarily dismiss the case must be denied.

    Moreover, Rule 11(c)(2) authorizes the court to award the prevailing party reasonable expenses, including attorney's fees, incurred for the motion "[i]f warranted."  The Court finds that an award to Plaintiffs, to be borne by counsel for Defendant TASER, of the reasonable expenses, including attorney's fees, incurred in defending against Defendant TASER's motion is in fact warranted in this case. As Plaintiffs point out, the Advisory Committee Notes to the 1993 Amendments to Rule 11 provide, in relevant part, as follows:

> [Rule 11 motions] should be not be employed . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, . . to intimidate an adversary

>      into withdrawing contentions that are fairly debatable, [or]
>      to increase the costs of litigation, . . .

FED. R. CIV. P. 11 1993 Amendments advisory committee's note. <u>See</u> <u>also</u> <u>Gaiardo v. Ethyl Corp.</u>, 835 F.2d 479, 485 ("The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose.") (footnote and citation omitted). TASER's Motion for Sanctions (#111) is composed almost entirely of arguments that Plaintiffs have not produced evidence of essential elements of their claims - arguments that have already been made in TASER's Motion for Summary Judgment (#53) and Motion in Limine (#52) to exclude the testimony of Dr. Douglas Zipes. TASER even includes the testimony of its own expert, Dr. Mark Kroll, Ph.D., to refute Dr. Zipes' testimony. A Rule 11 motion is not a proper vehicle for arguing the merits of a case or refuting the testimony of an expert witness - "other motions are available for those purposes." FED. R. CIV. P. 11 advisory committee's note. TASER's Motion for Sanctions (#111) is completely without merit and quite probably, in this Court's estimation, brought for an improper purpose. Plaintiffs will therefore be awarded the reasonable expenses of defending such a motion pursuant to Federal Rule of Civil Procedure 11(c)(2).

Moreover, TASER is not entitled to sanctions pursuant to 28 U.S.C. § 1927. Plaintiffs did not vexatiously multiply the proceedings by refusing to withdraw their complaint in the face of

7

TASER's threat to move for sanctions. A complaint that survives a motion for summary judgment is not an "unnecessary filing[]" subject to the sanction of section 1927. In re Keegan Mgmt. Co. Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996); see also Handte v. Wells Fargo Bank N.A., No. 3:11-cv-00900-ECR-VPC, 2012 WL 2921493, at *5 (D. Nev. Jul. 16, 2012) (holding that section 1927 sanctions cannot be applied to the filing of a complaint). And while we seriously question the conduct of counsel for Defendant TASER, we cannot say that Plaintiffs' attorneys acted "recklessly or in bad faith" in refusing to withdraw their meritorious case, as is required by the Ninth Circuit before imposing sanctions. See T.W. Elec. Serv., Inc., 809 F.2d at 638. Moreover, section 1927 sanctions cannot be applied to an initial pleading, but rather "only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt., 78 F.3d at 435 (citations omitted). TASER's motion for section 1927 sanctions therefore fails on its face and must be denied.

**B. Plaintiffs' Motion for Sanctions (#114)**

While we award to Plaintiffs the cost of defending against TASER's Motion for Sanctions (#111), it appears that Plaintiffs also request additional Rule 11 sanctions in their Response (#114). Plaintiffs' motion is unnecessary if Plaintiffs merely seek recompense for the cost of defending against TASER's baseless Rule 11 motion. See Fed. R. Civ. P. 11 1993 Amendments advisory committee's note ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision

8

the court may award to the person who prevails on a motion under Rule 11 - whether the movant or the target of the motion - reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."). To the extent that Plaintiffs seek additional sanctions, Plaintiffs' request must be denied as procedurally improper. Rule 11(c)(2) proves that "[a] motion for sanctions must be made separately from any other motion. . . ." Further, Plaintiffs did not serve notice of the intent to seek sanctions twenty-one days prior to filing the request, as is also required by Rule 11(c)(2). For this reason, Plaintiffs' request for additional Rule 11 sanctions against TASER must be denied.

### V. Conclusion

Defendant TASER moved for sanctions on the grounds that Plaintiffs should have voluntarily dismissed their case because they have no evidence of causation. Plaintiffs presented evidence of causation, however, sufficient to survive a motion for summary judgment. As such, TASER's argument for sanction are without merit, and we find that it was brought for the improper purpose of emphasizing the merits of TASER's case. As such, we find that an award to Plaintiffs of the costs of defending against TASER's motion is warranted in this case. However, to the extent that Plaintiffs seek additional sanction, Plaintiffs' request must be denied as procedurally improper.

9

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant TASER International, Inc.'s Motion for Sanctions (#111) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen (14) days within which to file an Application for Costs and Fees incurred for TASER's Motion for Sanctions (#111).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (#114) is **DENIED**.

DATED: August 2, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

10