# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY RICH, et al., | 2:09-CV-2450 JCM (RJJ) |
| Plaintiff(s), | |
| v. | |
| TASER INTERNATIONAL, INC., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant TASER International, Inc.'s motion to reconsider. (Doc. # 128). Plaintiffs opposed the motion (doc. # 131)[1] and defendant replied (doc. # 133).

**I.     Factual background**

This case arises out of the death of Randy Rich, a licensed physician and emergency room resident at Spring Valley Hospital in Las Vegas, Nevada. (Doc. # 1, ¶ 12). Dr. Rich had a history of seizure disorders. (*Id.*, ¶ 11).

On January 7, 2007,[2] Dr. Rich was driving his pick-up truck on Interstate-15 on his way to work. (*Id.*, ¶ 12). As he was driving, Dr. Rich suffered a seizure which rendered him unable to control the truck and resulted in several minor traffic collisions, witnessed by Nevada Highway Patrol ("NHP") Officer Loren Lazoff ("Officer Lazoff"). (*Id.*, ¶¶ 12-13).

---

[1] Plaintiffs are Randy Rich, as personal representative of Ryan Rich, deceased, and Nick Jensen and Tanya Jensen, as guardians for R.J., a minor.

[2] The court has already addressed that the events appear to have occurred on January 7, 2008 for the purposes of bringing plaintiffs' claims within the statute of limitations.

**James C. Mahan**
**U.S. District Judge**

Once the truck came to a stop next to the center divider of the highway, Officer Lazoff approached Dr. Rich's truck and ordered him to exit the truck. (*Id.*, ¶ 13). Dr. Rich, however, was in a dazed post-seizures state and did not comply with Officer Lazoff's repeated instructions to exit the vehicle. (*Id.*). Officer Lazoff then broke the passenger-side window, attempted to shift the truck out of gear, grabbed the keys and turned off the engine, and again ordered Dr. Rich to exit the vehicle. (*Id.*, ¶ 14).

A struggle ensued once Officer Lazoff attempted to handcuff Dr. Rich through the passenger window. (*Id.*, ¶ 15). Officer Lazoff was able to pull Dr. Rich out of the truck and onto his back on the pavement, but Dr. Rich continued to resist being handcuffed. (*Id.*, ¶¶ 15-16). At the point where Dr. Rich eluded Officer Lazoff's grasp and began heading toward the traffic lanes of the highway, Officer Lazoff discharged his TASER Model X26 Electronic Control Device ("EDC") three times into Dr. Rich's chest from a distance of three to four feet. (*Id.*, ¶ 16). Once Dr. Rich was on the ground, Officer Lazoff turned him onto his stomach and discharged the EDC two additional times to Dr. Rich's right thigh. (*Id.*, ¶¶ 17-18). Officer Lazoff was then able to handcuff Dr. Rich with the help of a passerby. (*Id.*, ¶ 18).

Officer Lazoff then returned to his patrol vehicle in order to call an ambulance. (*Id.*, ¶ 20). While he was placing the call, the passerby informed Officer Lazoff that Dr. Rich was turning blue. (*Id.*). Paramedics arrived shortly thereafter to transport Dr. Rich to Spring Valley Hospital where he was pronounced dead. (*Id.*, ¶ 21).

## II.     Procedural Background

On March 30, 2012, this court issued an order granting in part and denying in part defendant's motion for summary judgment. (Doc. # 119). The order granted defendant's motion as to plaintiffs' third, fourth, and fifth causes of action and denied the motion as to plaintiffs' first and second causes of action. The first and second causes of action are negligence and strict product liability, respectively. The order held that there was an issue of fact as to the adequacy of defendant's warnings.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Defendant filed the instant motion pursuant to Fed. R. Civ. P. 54(b) seeking reconsideration of this court's March 30, 2012, order. The motion is filed in light of two recently-issued Ninth Circuit decisions, *Marquez v. City of Phoenix*, 693 F.3d 1167 (9th Cir. 2012) and *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941 (9th Cir. 2012). Defendant argues that there cases resolved the same issues presented in this case—namely, the adequacy of defendant's warnings regarding the risks associated with ECD exposures and plaintiffs' burden in establishing a duty to warn. The portion of this court's order that defendant seeks reconsideration of is non-final.

### III.    Legal standard

Fed. R. Civ. P. 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Accordingly, "[w]here reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it." *Goodman v. Platinum Condo. Dev., LLC*, 2:09-CV-00957-KJD, 2012 WL 1190827, at *1 (D. Nev. Apr. 10, 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.,* 879 F.Supp. 1028, 1032 (N.D.Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

"Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Petrocelli v. Baker*, 3:94-CV-0459-RCJ-VPC, 2011 WL 4737061 (D. Nev. Oct. 5, 2011); *see also Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

### IV.    Discussion

This court's March 30, 2012, order denied summary judgment on plaintiff's negligence and strict product liability claims based on the finding that there was still a triable issue of fact as to

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  whether defendant's warnings regarding the risks associated with ECD exposures were adequate.
2  Specifically, the order held that "[v]iewing the evidence in light most favorable to plaintiffs, these
3  warnings cannot be said to be adequate as a matter of law. A reasonable jury could conclude that
4  they do not adequately warn of the specific risk of cardiac arrest and death, or that they do not
5  adequately advise of the risk of aiming at a target's chest." (Doc. # 119, 22:22-26).

6  Defendants argue that reconsideration is appropriate as there has been an intervening change
7  in controlling law. *See School Dist. No. IJ, Multnomah* County, 5 F.3d at 1263. Defendants rely on
8  *Marquez v. City of Phoenix*, 693 F.3d 1167 (9th Cir. 2012) and *Rosa v. Taser Int'l, Inc.*, 684 F.3d
9  941 (9th Cir. 2012)—two Ninth Circuit cases that have been published since the court entered its
10 March 30, 2012, order. Defendant contends that these cases are controlling Ninth Circuit precedent
11 as to the adequacy of its warnings and as to plaintiffs' burden in establishing duty to warn.

12 The court disagrees. Thus, the court declines to reconsider its order as it does not find either
13 Ninth Circuit case to be controlling—a prerequisite to warrant reconsideration of this court's order.

14 A.   *Marquez*

15 Defendant relies on *Marquez* because there, the Ninth Circuit reviewed the same warnings
16 that plaintiffs here allege to be inadequate. Defendant also argues that the factual circumstances of
17 *Marquez* are similar to the instant case. Thus, defendant contends that the Ninth Circuit's holding
18 that its warnings "cover[ed] precisely what happened here" and thus were "sufficient as a matter of
19 law," to be controlling.

20 While there may be similarities between the factual circumstances in both cases, and although
21 the Ninth Circuit has made a determination as to the adequacy of the same warnings—this
22 determination was made under *Arizona law*. Thus, at most, *Marquez* is persuasive authority, but not
23 controlling.

24 The Ninth Circuit held that defendant's warnings "[met] the standard" under Arizona law and
25 thus were "sufficient as a matter of law" in Arizona. Even if Arizona's law as to the sufficiency of

**James C. Mahan**
**U.S. District Judge**

- 4 -

warnings were similar to Nevada's law,[3] that does not control this court's determination of adequacy of defendant's warnings in Nevada. On this basis, the court finds that *Marquez* is not intervening controlling law, *see School Dist. No. IJ, Multnomah* County, 5 F.3d at 1263, that warrants reconsideration of this court's March 30, 2012, order.

B.   *Rosa*

Defendant relies on *Rosa* because there, the Ninth Circuit held that "a manufacturer is *not* under a duty to warn of every report of a possible risk, no matter how speculative, conjectural, or tentative, because inundating the public indiscriminately with notice of any and every hint of danger would inevitably dilute the force of any specific warning." *Rosa,* 684 F.3d at 946 (emphasis in original) (internal quotation marks omitted). Thus, defendant argues that plaintiffs' evidence does not create a triable issue of fact to preclude summary judgment, as it is insufficient to establish that defendant knew or should have known that EDCs could cause ventricular fibrillation.

However, defendant's reliance on *Rosa* suffers similar deficiencies as its reliance on *Marquez*—the authority is merely persuasive. At the foundation of the Ninth Circuit's holding in *Rosa* is California case law. Had the internal quotation marks not been omitted, it would be apparent that this holding is as to a manufacturer's duty *in California*,[4] the very reason why the Ninth Circuit's determination on this issue is not controlling here, in Nevada.

On this basis, the court finds that *Rosa* is not intervening controlling law, *see School Dist. No. IJ, Multnomah* County, 5 F.3d at 1263, that warrants reconsideration of this court's March 30, 2012, order.

---

[3] Arizona law states that "[w]here a warning is required, the warning must be reasonably readable and apprise a consumer exercising reasonable care under the circumstances of the existence and seriousness of the danger sufficient to enable the consumer to protect himself against it." *Marquez*, 693 F.3d at 1173 (citing *Brown v. Sears, Roebuck & Co.,* 136 Ariz. 556, 667 P.2d 750, 757 (Ariz.Ct.App.1983)). Under Nevada law, a product must include a warning that adequately communicates the dangers that may result from its use or foreseeable misuse. *Fyssakis v. Knight Equip. Corp.*, 108 Nev. 212, 214, 826 P.2d 570, 571-72 (1992).

[4] Citing *Finn v. G. D. Searle & Co.*, 35 Cal. 3d 691, 677 P.2d 1147 (1984) and *Brown v. Superior Court*, 44 Cal. 3d 1049, 751 P.2d 470 (1988).

### V. Rule 11 Sanctions

In their opposition, plaintiffs requested Rule 11 sanctions against defendant. Plaintiffs contend that defendant's motion is highly misleading and brought in bad faith. While the court does not find defendant's motion compelling, defendant's conduct does not call for the imposition of sanctions.

### VI. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant TASER International, Inc.'s motion to reconsider (doc. # 128) be, and the same hereby is, DENIED.

DATED January 9, 2013.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -