# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDY RICH, et al., | |
|     Plaintiff(s), | Case No. 2:09-cv-02450-JCM-NJK |
| vs. | ORDER |
| TASER INTERNATIONAL, INC., | (Docket No. 205) |
|     Defendant(s). | |

Before the Court is Plaintiffs' motion to file under seal, Docket No. 205, which is hereby **DENIED** without prejudice. The Court does **ORDER**, however, that Docket No. 204 be **SEALED** at least on a temporary basis. Plaintiffs shall file a properly supported motion to keep that document under seal, no later than April 1, 2014. Failure to comply with this Order will result in the Court unsealing that document.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must make a particularized showing of good cause that overcomes the presumption of public access. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).[1] The pending motion does not make a sufficient showing to seal Docket No.

---

[1] In light of the robust body of Ninth Circuit case law on the proper standards for sealing court documents, as well as the applicable rules of this Court, Plaintiffs' reliance on the Utah Rules of Judicial Administration is misplaced.

204. Instead, it states that the document at issue was "designated as Confidential and Attorneys' Eyes Only." As an initial matter, the filing bears no such legend and Plaintiffs fail to identify any stipulated protective order entered in this case. At any rate, however, the mere fact that a party has designated a document as confidential does not establish the particularized showing necessary to file a document under seal. *See, e.g., Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

IT IS SO ORDERED.

DATED: March 25, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

204. Instead, it states that the document at issue was "designated as Confidential and Attorneys' Eyes Only." As an initial matter, the filing bears no such legend and Plaintiffs fail to identify any stipulated protective order entered in this case. At any rate, however, the mere fact that a party has designated a document as confidential does not establish the particularized showing necessary to file a document under seal. *See, e.g., Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

IT IS SO ORDERED.

DATED: March 25, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge